Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff PAUL SAPAN

FILED
2013 OCT 25  PM 1:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PAUL SAPAN,

   Plaintiff,

vs.

MARILYN ROSE THOMASSEN dba THOMASSEN LAW GROUP, an individual,

   Defendants.

Case No.: SACV13-1678-ABC (RNBx)

COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF

Violation(s) of Telephone Consumer Protection Act of 1991
Trespass to Chattel
Unfair Business Practices

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.  Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

- 1 -

2. Defendant MARILYN ROSE THOMASSEN dba THOMASSEN LAW GROUP is, and at all times herein mentioned was, a resident of Orange County, California doing business in Los Angeles County, California.

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## FACTUAL SUMMARY

4. On or about May 16, 2011 at 9:16 pm, PAUL SAPAN received a call to his home phone number, 310-444-1999, from Defendants.

5. The Caller ID for this call listed the number as 818-334-8257 and it did not show any Caller ID name information as required by FCC rules.

6. The caller identified herself as "Nel from Thomassen Law Group" and attempted to pitch debt consultancy services and Mr. Sapan told her he was not interested.

///

7. Thereafter, PAUL SAPAN received thirteen more sales calls from Defendants on each of the following dates and times with the following Caller ID numbers:

| | |
|---|---|
| 5/16/11  916 am  CID 8183348257. | 6/10/11 1042 am  CID 8183064806 |
| 5/16/11  603 pm  CID  8184281405 | 7/26/2011 5:25p CID 8182373056 |
| 5/31/11  101 pm CID 8183064806 | 7/28/2011 5:21p CID 8182373056 |
| 5/31/11  202 pm CID 8183064806 | 7/28/2011 5:22p CID 8182373056 |
| 6/8/11  1142 am  CID 8183064806 | 8/16/2011 3:45p CID 8182373056 |
| 6/9/11  1107 am  CID 8183064806 | 9/14/2011 1:04p CID 8182373056 |
| 6/9/11  1111 am  CID 8183064806 | |

8. In each call either the caller identified himself or herself as representing "Thomassen Law Group", or the Caller ID number matched a call where the caller had previously done so.

9. Mr. Sapan did tell Defendant not to call back repeatedly, and specifically recalls telling the caller not to call him back during the call made on 7/28/2011 at 5:21p, because the caller called back a moment later saying she had not heard him and trying to continue to pitch Defendant's debt services.

10. Paul Sapan's home phone number, 310-444-1999, has been on the National Do Not Call Registry administered by the Federal Trade Commission

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

since at least December 23, 2007, and was on the National Do Not Call Registry at all dates and times relevant herein.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

11. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

12. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

13. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

14. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error,

nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

15. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

16. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

17. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

18. At no time did Plaintiff consent to this trespass.

19. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

20. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex,

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

21. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

22. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

23. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (5);

2. For an award of $1,500.00 for each such violation found to have been willful;

- 4 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

On the SECOND CAUSE OF ACTION

3. For compensatory damages according to proof;

4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure §1021.5.

7. For costs of suit herein incurred; and

8. For such further relief as the Court deems proper.

DATED: October 24, 2013     **PRATO & REICHMAN, APC**

   /s/ Christopher J. Reichman
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991